# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fayia Kollie, | Civil Action No.: 10-cv-605 (RHK/RLE) |
| Plaintiff, | |
| vs. | **JOINT ANSWER** |
| YRC Worldwide, Inc. and Yellow Transportation, Inc. | |
| Defendants. | |

For their Answer to the Complaint, YRC Worldwide, Inc. and YRC, Inc.[1]:

1. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegation that he is a resident of Moorhead, Minnesota. YRC Worldwide, Inc. admits that it is a corporation headquartered in Overland Park, Kansas, and further alleges that Yellow Transportation, Inc. was the company involved in the accident of December 23, 2007, but has subsequently merged with Roadway Express, Inc. and the corporate name is YRC, Inc.

2. Admit that portion of paragraph 2 of the Complaint which alleges that the matter in controversy is between citizens of different states, but allege that they are without knowledge or information regarding Plaintiff's claim that the matter in controversy exceeds the sum of $75,000, and put Plaintiff to his proof thereof.

3. Admit paragraph 3 of the Complaint.

4. Admit paragraph 4 of the Complaint.

---

[1] Yellow Transportation, Inc. was the trucking company at the time of the incident, but has since merged with Roadway Express, Inc. and the corporate name is YRC, Inc. If and to the extent the Court requires an Answer on behalf of Yellow Transportation, Inc., this Answer should be deemed served on behalf of Yellow Transportation, Inc. as well as YRC Worldwide, Inc. and YRC, Inc.

5. Admit paragraph 5 of the Complaint.

6. Deny paragraph 6 of the Complaint to the extent it alleges that Chester A. Decker, III was negligent, but admit that an accident occurred.

7. Allege that they are without knowledge or information sufficient to form a belief as to the truth of paragraph 7 of the Complaint.

8. Allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of damage as alleged in paragraph 8 of the Complaint, but deny that Chester A. Decker, III was negligent.

9. Allege that there has been insufficient service of process and that, accordingly, this Court does not have personal jurisdiction over these answering Defendants.

10. Allege that Minnesota is forum non conveniens.

11. Allege, in order to preserve them, all affirmative defenses included in Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, YRC Worldwide, Inc. and YRC, Inc. pray that Plaintiff recover nothing by his pretended cause of action and that they have their costs and disbursements.

**COUSINEAU, McGUIRE CHARTERED**

Dated:  March 24, 2010  By:  /s/Peter G. Van Bergen
**PETER G. VAN BERGEN   #0112033**
Attorneys for YRC Worldwide, Inc. and YRC, Inc.
1550 Utica Avenue South, Suite 600
Minneapolis, Minnesota  55416-5318
(952) 546-8400

1296275