UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fayia Kollie,

       Plaintiff,

              Civ. No. 10-605 (RHK/LIB)
v.                **ORDER**

YRC Worldwide, Inc., and Yellow
Transportation, Inc.,

       Defendants.

   This matter is before the Court *sua sponte*.

   Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Fayia Kollie commenced this negligence action against YRC Worldwide, Inc. ("YRC") and Yellow Transportation, Inc. ("Yellow"). The Complaint alleges that Kollie is a resident of Moorhead, Minnesota; that YRC is "a corporation headquartered in Overland Park, Kansas"; and that Yellow "is a subsidiary of YRC." (Compl. ¶ 1.) No further allegations regarding the citizenship of the parties are found in the Complaint.

   As the party invoking the Court's jurisdiction, Kollie bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required Kollie to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). Kollie has failed to do so, for two reasons.

First, YRC and Yellow are corporations, and a corporation is deemed to be a citizen of its state of incorporation and the state in which its principal place of business is located. See 28 U.S.C. § 1332(c)(1). Here, however, the Complaint fails to provide the state of incorporation of both YRC and Yellow, and it further fails to identify Yellow's principal place of business. Second, Kollie alleges that he is a *resident* of Moorhead, Minnesota. But citizenship is determined by an individual's *domicile*, e.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990), and residence and domicile are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

It is unfortunate that this issue is coming to the forefront only now, after this case has been pending for nearly a year. Nevertheless, the Court is reluctant to allow the parties (or itself) to devote further time and resources to this case with the possibility of reversal due to lack of jurisdiction floating around on the horizon. This is not merely an illusory concern; the Eighth Circuit has repeatedly remanded cases, even post-trial, with instructions to dismiss (or remand to state court) where it found subject-matter jurisdiction lacking. See, e.g., Kessler v. Nat'l Enters., Inc., 347 F.3d 1076 (8th Cir. 2003) (case removed to federal court that previously had been appealed to Eighth Circuit three times remanded with directions to remand to state court for lack of jurisdiction); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760 (8th Cir. 2001) (even though plaintiff voluntarily dismissed action, judgment of dismissal vacated and case remanded with instructions to remand to state court because diversity was lacking); Associated Ins.

Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794 (8th Cir. 1998) (vacating judgment entered following jury trial and remanding with instructions to dismiss for lack of subject-matter jurisdiction).[1]

Based on the foregoing, **IT IS ORDERED** that Kollie shall redress the deficiencies set forth above on or before January 27, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: January 14, 2011

                                                          s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge

---

[1] This is one reason why a federal court may not "assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'" Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009) (citation omitted).